UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-09071 |
| NORTHERN HERITAGE BUILDERS, LLC and AMERICAN FAMILY INSURANCE CO., | ) Judge Sharon Johnson Coleman |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, AMCO Insurance Co. ("AMCO"), filed a complaint for a declaratory judgment that it owes no duty to defend or indemnify its insured, Northern Heritage Builders, LLC ("Northern"), against the underlying construction defect subrogation lawsuit filed in the Circuit Court of Cook County, Law Division, captioned *American Family Mutual Insurance Co. a/s/o Michael McGrath v. Northern Heritage Builders, LLC, et al,* Case No.12 L 11528, and that American Family has no rights under the policy. Both Northern and American Family counterclaimed, asserting that AMCO has a duty to defend and indemnify Northern and American Family, as assignee, in the underlying lawsuit. AMCO and American Family have filed cross-motions for summary judgment [45, 49]. For the reasons stated herein, the Court finds AMCO had no duty to defend and no duty to indemnify American Family.

**Background**

The following facts are not in dispute. AMCO Insurance Company is an Iowa corporation authorized to issue insurance policies in Illinois. AMCO issued certain policies to Northern Heritage Builders, an Illinois company. American Family Mutual Insurance Company is an insurance

1

company authorized to issue policies of homeowners insurance in Illinois. Michael McGrath owns a house at 1848 North Orchard Street in Chicago. McGrath and Northern entered an oral contract for Northern to serve as the general contract or builder overseeing the construction of the McGrath house. Northern subcontracted the masonry on the house to Rapciak Construction Company. The porous block used by Rapciak allowed water to infiltrate the house. McGrath and his family moved to a rental property while the house was being repaired.

*State Court Lawsuit – McGrath v. Northern Heritage Builders*

McGrath filed a lawsuit in the Circuit Court of Cook County against Northern, Case No. 07 L 8252. The court dismissed McGrath's negligence claim against Northern based on the *Moorman* Doctrine, finding that the "alleged physical damage to 'personal property and household goods and contents' appears to have directly resulted from [McGrath's] disappointed commercial expectations rather than a dangerous event." (AMCO's L.R. 56.1 Statement of Facts, Dkt. 47 at ¶ 9). The jury trial began on February 8, 2011. Prior to closing arguments, both McGrath and Northern agreed to the following stipulation: "This case does not include any claim of damage to the finished aspects of the home at 1848 Orchard including any materials or repairs related to the drywall, furring wood strips, insulation, vapor barriers or any other internal aspects of the home." (*Id.* at ¶ 22). On February 17, 2011, the jury returned a verdict in favor McGrath and against Northern in the amount of $601,570.50.

*Federal Court Lawsuit #1 – McGrath v. American Family Insurance Co.*

On March 19, 2007, McGrath sued American Family Insurance Company, the carrier of his homeowners' insurance policy, seeking a declaratory judgment that American Family's policy provided coverage, and further alleging breach of contract and damages under Section 155 of the Illinois Insurance Code for unreasonable and vexatious claims handling. At summary judgment McGrath argued that "interior water damage to an insured dwelling" was covered under the

2

American Family policy. McGrath claimed "interior water damage," "damage to the interior of the dwelling," "building components interior of the exterior brick walls." On April 29, 2008, Judge Moran entered summary judgment against American Family, finding that American Family owed coverage and the case proceeded to trial on damages. The jury awarded the McGraths $1,130,680.16. The jury award was broken down as follows: tarping: $10,551; demolition: $41,420; moving expenses: $6,280.64; rent: $35,000; rental utilities: $5,874.02; personal property storage: $6,840; electronics connection: $6,280.64; closet removal: $787.50; interior repairs: $984,072. (American Family's Response to AMCO's 56.1 Statement, Dkt. 51 at ¶ 30). American Family subsequently settled with the McGraths.

*State Court Subrogation Lawsuit – American Family v. Northern*

In October 2012, American Family filed a subrogation lawsuit against Northern in the Circuit Court of Cook County, Law Division, *American Family Mut. Ins. Co. a/s/o Michael McGrath v. Northern Heritage Builders, LLC, et al.,* Case No. 12-L-11528 ("the underlying complaint"). American Family alleged that it is subrogated by the equity and by law to the claim of McGrath for alleged property damage at 1848 N. Orchard to the extent of the payments made by American Family to McGrath for the subject property damage ($1,130,680.16) under the policy of homeowners insurance American Family issued to McGrath. According to the underlying complaint, McGrath hired Northern as general contractor for the exterior shell of the McGrath residence.

In that same complaint, American Family alleges that in July or August 2006, McGrath discovered certain defects in the construction of the exterior of the McGrath residence that allowed water and moisture to penetrate the exterior wall and to become trapped within the walls. According to the complaint, the water intrusion damages "building components interior of the exterior wall construction as well as interior property separate and apart from the exterior wall construction." The underlying complaint further alleges that McGrath incurred damages for alternative living expenses,

3

debris removal and expenses incurred to protect the undamaged portions of the McGrath residence.

*Federal Court Lawsuit #2 – AMCO v. Northern*

AMCO filed a declaratory judgment lawsuit against Northern in Federal Court before Judge Virginia Kendall, seeking a finding that AMCO had no duty to defend or indemnify Northern in the state court lawsuit filed by McGrath against Northern for, among other things, negligence, faulty workmanship, and breach of contract. Judge Kendall entered summary judgment finding that AMCO had a duty to defend until the parties' stipulation, but AMCO had no duty to indemnify Northern for the judgment entered in that case.

*The AMCO Policies*

AMCO issued both a primary Commercial General Liability ("CGL") policy and an umbrella CGL policy to Northern. The policies cover amounts Northern becomes obligated to pay as a result of "property damage" caused by an "occurrence" during the policy period. Both policies provide the same definition of "property damage" and "occurrence." "Property damage" is defined as:

    A. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

    B. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The exclusions are also the same in each policy.

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine

issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

**Discussion**

AMCO and American Family dispute whether AMCO had a duty to defend and indemnify in the underlying complaint in the subrogation lawsuit between American Family as assignee of the rights of McGrath and Northern. The parties agree that Illinois law governs the coverage dispute in this case. In an insurance coverage declaratory judgment action brought in federal court in Illinois based on diversity, Illinois contract law applies. *Clarendon Nat. Ins. Co. v. Medina*, 645 F.3d 928, 933 (7th Cir. 2011)(citing *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 823 N.E.2d 561, 564, 291 Ill. Dec. 269 (Ill. 2005)). When considering an insurance policy, courts aim to give effect to the intention of the parties based on the plain language of the policy so long as doing so does not contravene public policy. *Id.*

*1. Duty to Defend*

In Illinois, a court resolves the question of whether a duty to defend exists by comparing the facts alleged in the underlying complaint to the language of the insurance policy. *State Farm Fire and Casualty v. Young*, 2012 IL App (1st) 103736, 968 N.E.2d 759, 763, 360 Ill. Dec. 266 (1st Dist. 2012). If the facts alleged in the underlying complaint fall within or potentially within the policy's coverage, the insurer's duty to defend arises. *Outboard Marine Corp. v. Liberty Mutual*, 154 Ill.2d 90, 108, 607 N.E.2d 1204, 1213, 180 Ill. Dec. 691 (1992). If it is clear from the face of the underlying complaint

5

that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage, there is no duty to defend. *State Farm Fire and Casualty*, 968 N.E.2d at 763. The underlying complaint must be construed liberally in favor of the insured. *U.S. Fidelity & Guaranty v. Wilkin Insulation Co.*, 144 Ill.2d 64, 74, 578 N.E.2d 926, 930, 161 Ill. Dec. 280 (1991).

This Court must first determine whether there was an "occurrence," and then whether there was "property damage" before evaluating whether exclusions apply. *Viking Constr. Mgmt. v. Liberty Mut. Ins. Co.*, 358 Ill. App. 3d 34, 41-42, 831 N.E. 2d 1 (1st Dist. 2005). An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."*Id.* at 42 (quoting *Lyons v. State Farm Fire & Casualty Co.*, 349 Ill. App. 3d 404, 407, 811 N.E. 2d. 718 (5th Dist. 2004). The Illinois courts have defined "accident" as "an unforseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." *Id.*

Here, the subrogation lawsuit brought in the Circuit Court of Cook County by American Family as assignee of McGrath against Northern serves as the underlying complaint that this Court must examine to determine AMCO's duty to defend. The face of the complaint appears to allege an occurrence potentially within the policy. *See Pekin Ins. Co. v. Richard Manker Assocs. Inc.,* 289 Ill. App. 3d 819, 823, 682 N.E. 2d 362 (2d Dist. 1997). The complaint alleges water intrusion resulting in "building components interior of the exterior wall construction as well as interior property separate and apart from the exterior wall construction." Thus, the allegations of the underlying complaint support a finding that AMCO owed a duty to defend Northern in the subrogation lawsuit, similarly to Judge Kendall's conclusion in the declaratory judgment lawsuit between AMCO and Northern, because the complaint alleges damages to property other than the construction.

However, American Family could only seek to recover from Northern the damages that it paid to McGrath in the coverage lawsuit, i.e. $1.130,680.16. *See CNA Ins. Co. v. DiPaulo*, 342 Ill. App.

3d 440, 442, 794 N.E. 2d 965 (1st Dist. 2003) ("A subrogee 'steps into the shoes' of the person whose claim he has paid and may only enforce those rights which the latter could enforce."). It is undisputed that the jury award for $1.130,680.16 included the following: tarping $10,551; demolition $41,420; moving expenses $6,280.64; rent $35,000; rental utilities $5,874.02; personal property storage $6,840; electronics connection $6280.64; closet removal $787.50; interior repairs $984,072. American Family is therefore limited in its subrogation claim to those damages. The cost of repairing or replacing defective work is not "property damage" within the policy terms. *See Lyerla v. AMCO Insurance Co.*, 536 F.3d 684, 692 (7th Cir. 2008). The alternative living expenses are also not covered because they are not the result of damage to covered property but a consequence of the damage to the home itself. *See Dreis & Krump Mfg. Co. v. Phoenix Ins. Co.*, 548 F.2d 681, 687 (7th Cir. 1977). Since none of the itemized damages constitute property damage within or potentially within the policy, AMCO had no duty to defend Northern against American Family in the subrogation lawsuit. To conclude otherwise, would allow subrogees such as American Family to impose a duty to defend on an insurer simply drafting the complaint in allege facts that would bring the complaint within or potentially within the policy terms.

*2. Duty to Indemnify*

The duty to defend is broader than the duty to indemnify. *See Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). Thus, even if the insurer has a duty to defend its insured, it only has a duty to indemnify "if the insured has a judgment against it on any underlying claim and the insured's activity and the resulting loss or damage *actually* come within the policy's coverage." *Stoneridge Dev. Co. v. Essex Ins. Co.,* 888 N.E2d 633, 643 (Ill. App. Ct. 2008). This Court has already found that no duty to defend exists and therefore there can be no duty to indemnify.

**Conclusion**

Based on the foregoing, this Court grants AMCO's motion for summary judgment [45] and denies American Family's motion for summary judgment [49]. It is so ordered.

IT IS SO ORDERED.

Date: March 31, 2015

Entered: /s/ Sharon Johnson Coleman
SHARON JOHNSON COLEMAN
United States District Judge